UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 09-CR-20264-KING/BANDSTRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JUNIOR SYLVIN, et al.,

Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on (a) Defendant JUNIOR SYLVIN's Motion to

Sever Defendants (DE 137) filed on August 27, 2009; (b) Defendant JUNIOR SYLVIN's

Motion to Sever Counts (DE 138) filed on August 27, 2009; (c) Defendant FRANTZ

STERLIN's Motion to Sever Counts (DE 147) filed on August 27, 2009; (d)[Defendant

FRANTZ STERLIN's] Renewed Motion to Sever Defendants Alternatively Motion for a Pre-

Trial James Hearing and in the Alternative to Adhere to the Preferred Order of Proof (DE

157) filed on August 29, 2009; and (e) All Defendants' Motion to Sever Counts (DE 168)

filed on September 8, 2009.  On September 15, 2009, these motions were referred to the

undersigned for appropriate proceedings by the Honorable James Lawrence King pursuant

to 28 U.S.C. § 636(b).[1]  Accordingly, the undersigned conducted a hearing on these

motions on September 24, 2009.  Following full review of the pleadings, applicable law and

oral argument of counsel, the undersigned recommends that these motions to sever be

DENIED for reasons stated below.

---

[1]The Order of Reference only specifies All Defendant's Motion to Sever Counts (DE
168) as referred to the undersigned and not the preceding motions to sever filed by
Defendants SYLVIN and STERLIN, individually.  The undersigned addresses all of the
above-listed motions to sever in that they present the same issues discussed herein.

## INTRODUCTION

On April 16, 2009, the grand jury returned a superceding indictment charging JUNIOR SYLVIN and eight (8) co-defendants with conspiracy to possess with intent to distribute controlled substances, felon in possession of a firearm and ammunition; carrying and possession of a firearm during and in relation to a drug trafficking offense; attempted possession with intent to distribute controlled substances; and possession with intent to distribute cocaine and/or cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 922(g)(1), 924(c)(1)(a) and 853. The superseding indictment contains twenty separate counts in which these defendants are charged with offenses allegedly occurring between September 5, 2007 and April 6, 2009. Moreover, the superseding indictment alleges five separate conspiracies to possess with intent to distribute cocaine and/or cocaine base involving different groupings of the nine (9) defendants – three of which allegedly occurred between November 17, 2008 and January 8, 2009 (Counts 1, 2 and 3); and two others allegedly occurring between June 18, 2008 and December 8, 2008 (Count 4), and September through April 6, 2008 (Count 15).

Presently before the Court, are motions to sever filed and/or joined in by all defendants to sever the various conspiracy counts into separate trials, and/or to sever the conspiracy counts from the substantive offenses occurring outside of the alleged dates of the conspiracies, and/or to sever their own counts from those of the other defendants. The defendants move for severance pursuant to Rules 8(b) and 14(a) of the Florida Rules of Criminal Procedure on the grounds that joinder of the several conspiracies and substantive counts was improper and because a single trial will result in "specific and compelling prejudice" to the conduct of their individual defenses.

The government opposes any severance arguing the general rule that defendants indicted together should ordinarily be tried together – particularly in this case which involves members of a drug trafficking organization ("DTO") known to law enforcement as

2

the "68th Street Boys" who allegedly purchased and distributed cocaine and/or crack cocaine in the Little Haiti area of Miami on the dates specified in the superseding indictment. Detailing the role of each defendant and his relationship to this DTO, the government contends that all defendants were properly joined under Rule 8(b) in a single indictment, notwithstanding the five separate and distinct conspiracies alleged therein, and that no compelling prejudice or jury confusion will result which might warrant severance under Rule 14(a). In this regard, the government offers a proposed jury instruction to be given before and after presentation of evidence to assure the fairness of the trial for each defendant. The government also cites cases in which similar multiple conspiracy charges were contained in a single indictment and tried together with approval by the Eleventh Circuit Court of Appeals.

## ANALYSIS

### A.  Joinder Under Rule 8(b)

The first issue to decide here is whether all nine (9) defendants are properly joined in a single indictment under F.R.Crim.P. 8(b) which provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Generally, federal courts examine only the allegations on the face of the indictment to determine if defendants are properly joined under Rule 8(b). *United States v. Morales*, 868 F.2d 1562, 1567 (11th Cir. 1989). Still, in order to meet the "same series of acts or transactions" requirement, the "government most demonstrate that the acts alleged are united by some substantial identity of facts and/or participants." *Id.* at 1569. Each participant need not have been involved in every facet of the venture, however, and each participant need not know each of the other participants' roles and identities. *United States*

3

*v. Wilson*, 894 F.2d 1245, 1253 (11th Cir. 1990); *United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir. 1985), *cert. denied*, 474 U.S. 1064 (1986).

Applying Rule 8(b) here, the undersigned finds no misjoinder of defendants in this case. The indictment contains twenty counts. The first three counts charge three separate conspiracies to possess with intent to distribute cocaine by different groupings of defendants but with JUNIOR SYLVIN named in each count. The government explains that these and all remaining counts arise out the investigation of this DTO. Wiretap evidence obtained during the dates of the first three conspiracies establish that SYLVIN and OTHELLO were the leaders of this DTO and that defendants VICTOR, STERLIN and TAYLOR worked for SYLVIN and OTHELLO distributing drugs for them. All five (5) of these defendants are named in the conspiracy alleged in Count 1. Defendant THOMPSON is believed to be a supplier of SYLVIN and OTHELLO, while BYTHOL and DANIELS are believed to be "independent distributors" which accounts for their being named in separate conspiracies alleged in Counts 2, 3 and 4. Finally, THOMPSON and LOUIS are named in a fifth separate conspiracy (Count 15) based on anticipated evidence of their drug transactions at or about the alleged time apart from the other defendants. The remaining counts of the superseding indictment allege possession or attempted possession of cocaine with intent to distribute and related firearm offenses by SYLVIN, BYTHOL, STERLIN, THOMPSON and LOUIS before and after the alleged conspiracies based on evidence obtained before and after the wiretap interceptions.

Examining the various charges of the superseding indictment in this light, the undersigned finds that all of the drug charges, including the drug conspiracies, are part of the "same acts or series of acts" as required by Rule 8(b). All of the drug offenses which make up the superseding indictment are factually similar in that all of them involve the purchase and/or sale of cocaine, crack cocaine and other drugs by members of this alleged DTO. The conspiracy and substantive distribution counts all involve alleged

4

participants performing different roles in this organization so that the conspiracy counts name a substantial, although not complete overlap of participants. Defendant SYLVIN is charged in every conspiracy count as the alleged leader of this DTO and the other defendants, with the exclusion of DANIELS, are named in the related conspiracy counts according to their respective roles in this DTO. The substantive distribution counts names SYLVIN and certain co-defendants charged on the basis of specific instances of drug sales based on evidence acquired before, during and after the wiretap interceptions. The remaining firearm offenses, while particular to only certain defendants, are alleged to have occurred in connection with the drug offenses.

Defendants do not argue misjoinder under Rule 8(b) but rather move for severance on the basis of compelling prejudice and jury confusion under Rule 14(a). Thus, the undersigned concludes, from the face of the superseding indictment and the Court's understanding of this case, that the prosecution correctly followed Rule 8(b) by joining offenses of the same or similar acts or transactions in the same indictment.[2]

---

[2] The government also uses a "wheel-and-spoke" analogy to connect the five conspiracies as discussed in *United States v. Castro*, 829 F.2d 1038, 1045 (11th Cir. 1987). Thus, the government maintains that the "hub" or center of the wheel is formed by common defendants (most notably SYLVIN) while the "spokes" of the wheel are the different conspiracies connecting the hub defendants and the other defendants in this case. The "rim" is the "substantial identity of facts and/or participants" composing this DTO. See also *United States v. Morales*, 868 F.2d 1562, 1569 (11th Cir. 1989). Although the "wheel-and-spoke" analogy may apply here, the undersigned finds that it is better used in cases involving a single conspiracy with many individual defendants (the "spokes") having contact with a single defendant (the "hub") so that the court looks for a "rim," *i.e.* a common objective or goal, thereby giving evidence of a single conspiracy. See *e.g.*, *United States v. Glinton*, 154 F.3d 1245 (11th Cir. 1998) (in order to constitute a single conspiracy there must be a single enterprise which sets up a common goal connecting each defendant); quoting *United States v. Levine*, 546 F.2d 658, 663 (5th Cir. 1977) ("for a wheel conspiracy to exist those people who form the wheel's spokes must have been aware of each other and must do so in furtherance of a single illegal enterprise otherwise the conspiracy lacks 'the rim of the wheel to enclose the spokes.'"). Although other cases have used the "wheel" analogy in multi-conspiracy cases, the undersigned finds that the conspiracy and substantive counts involved in this case are better connected by the same series of acts and transactions by members of the same DTO so that they are properly joined under F.R.Cri.P. 8(b).

B. Severance Under Rule 14(a)

Defendants focus their request for severance of counts under Rule 14(a) which provides:

> If the joinder of offenses or defendants in an indictment, . . . appears to prejudice a defendant . . ., the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.

Reviewing the five separate conspiracies here involving different groups of defendants, and the fifteen substantive crimes alleged in other counts, and noting that the government's evidence will include as many as 2000 relevant telephone calls intercepted by the government, defendants argue that a single trial will undoubtedly result in "an *inordinate* number of objections, side bars, litigation and cautionary instructions" in order to decide which recorded calls are admissible, against which specific defendants, relevant to which specific conspiracy in the indictment. In defendants' view, this "flurry of objections and cautionary instructions" will extend the trial significantly and will "be utterly confusing and misleading to the jury." Motion, pp. 3-4. While recognizing that the decision whether to sever involves "striking a balance" between the rights of individual defendants and the interests of judicial economy, defendants nevertheless insist that a single trial here of all defendants on all counts will result in "specific and compelling prejudice" to their individual defenses which can only be avoided by severing counts or defendants from each other in separate trials.

The government opposes any severance arguing that a joint trial, orderly presented to the jury and with a single cautionary instruction,[3] will not result in specific or compelling

---

[3]The government proposes the following jury instruction to be given at the outset of the government's case:

> Members of the Jury. There will be a series of phone calls introduced into evidence. Each phone call is only evidence, and shall only be considered, against the defendants who are participating in a given call, and as to the counts where the
> (continued...)

prejudice to any defendant or confusion to the jury. The government advises that it will probably seek to introduce "only about 100" intercepted telephone conversations of defendants which will be identified for defendants prior to trial, transcribed and placed in a trial notebook according to the order of proof to be followed by the prosecution during trial, and from which each defendant will know which conspiracy charge the telephone call relates to and to which defendant.[4]  The government also advises that three (3) of the nine (9) original defendants (BYTHOL, DANIELS and LOUIS) have already or will soon enter a guilty plea, and that OTHELLO is currently a fugitive and will not be present at trial. Thus, the government contends that this case is simplified for trial purposes with only five (5) defendants proceeding to trial.  See Attachment "A".  The government then argues that far more complex multi-conspiracy cases have been tried successfully in this and other circuits with subsequent approval by courts of appeal.

Briefly reviewing Rule 14(a) and relevant case law, the undersigned begins with the frequently repeated principle that "defendants who are jointly indicted should be tried together, particularly in conspiracy cases." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005); *United States v. Pedrick*, 181 F.3d 1264, 1272 (11th Cir. 1999); *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985).  Severance may be granted at the discretion of the court if the court determines that prejudice will result from the joinder. *Id.* In deciding a motion for severance, the district court must balance the right of the defendants to a fair trial against the public's interests in efficient and economic

---

[3] (...continued)
participants of the call have been charged.  The phone calls are not evidence as to any other defendants who are not on the call and not charged with the participants of the call in a conspiracy count.

[4] The government also advises that it will request of the Court that this notebook be given to each juror to facilitate their understanding of the participants to each call, the date of each call, and the particular conspiracy charge to which each call relates.

administration of justice. *Alvarez*, 755 F.2d at 857. Severance should be granted only when the defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to the conduct of his defense, *id.*, resulting in "fundamental unfairness." *United States v. Knowles*, 66 F.3d 1146, 1159 (11th Cir. 1995). A defendant does not suffer "compelling prejudice" simply because much of the evidence at trial is applicable only to his co-defendants, *Alvarez,* 755 F.2d at 857, even when the disparity is "enormous." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997).

In order to mitigate any "spill-over effect" on co-defendants, a court should ordinarily give cautionary instructions to the jury, advising that certain evidence is to be considered relevant only as to certain defendants or certain charges. *Baker*, 432 F.3d at 1236-37. "Severance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of such instructions." *Id.*, citing *Alvarez*, 755 F.2d at 857. An appellate court reviewing a denial of severance will decide "whether the jury could follow the district court's cautionary instructions and determine the guilt or innocence of each defendant solely on the basis of that defendant's conduct (*i.e.* without culminating the guilt of all the defendants and imputing it to each of them)." *Id.*

While many cases are cited by the parties, the undersigned finds that *United States v. Wilson*, 894 F.2d 1245 (11th Cir. 1990), is the most analogous and useful to the instant case. In *Wilson,* twenty-three (23) defendants were charged in a multiple count indictment with drug related offenses which included two counts of engaging in a continuous criminal enterprise, six counts of conspiracy to posses marijuana, one count of conspiracy to possess with intent to distribute marijuana, three counts of conspiracy to import cocaine, one count of conspiracy to possess with intent to distribute cocaine, and five substantive counts of drug importation and distribution. Following a nine-week trial, the defendants were convicted of multiple counts.

On appeal, several appellants challenged their convictions on several grounds including the district court's denial of their motion for severance under Rule 14(a). Addressing the rule, the Eleventh Circuit began by finding that the several appellants were properly joined in the indictment under Rule 8(b) because all of the offenses were factually similar involving a large-scale importation of marijuana and cocaine from Colombia. The court further found, much like the present case, that there was a substantial but not complete overlap of participants in the conspiracy counts with one appellant charged in every count. Thus, the court concluded that joinder was proper under Rule 8(b) because the several counts, including the eleven (11) separate conspiracy counts, "were part of the same continuing series of violations" managed by one lead defendant.

Next, the appellate court found no error in District Judge Terrell Hodges' decision to not sever the counts on defense arguments of prejudice due to the "spillover" effect of evidence introduced against co-defendants. Critical to the Eleventh Circuit's decision was the caution exercised by the trial court in instructing the jury both before and during trial:

> In this case, the district court clearly and specifically instructed the jury at the outset of the trial that each defendant and each offense were to be given separate consideration. The district court repeated this instruction at the end of the trial when it charged the jury prior to deliberations. Additionally, throughout the course of the trial, the court instructed the jury as to which count of the indictment a witness's testimony was relevant, to what charge that count pertained, and which defendants were charged in that count. The jury's verdict, which acquitted appellants on some charges while convicting them on others, clearly demonstrates the jury's ability to consider each defendant and each charge separately. Accordingly, we affirm the district court's denial of the appellants' Rule 14 motion.

*Wilson,* 894 F.2d at 1253.

Here, as in *Wilson,* cautionary instructions both before and during trial, proposed by the government consistent with its trial notebook and proposed order of proof, should prevent any jury confusion over the evidence presented and mitigate against any "spillover" effect on co-defendants not involved in particular conversations and conspiracies of other

defendants. While such cautionary instructions might be somewhat burdensome for the Court and require the government's strict adherence to its order of proof, the undersigned believes that this case can be jointly tried in a single trial with reasonable protections of a fair trial to all defendants.

## SUMMARY AND RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that defendants' motions for severance be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982); *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); see also *Thomas v. Arn.*, 474 U.S. 140 (1985), reh. denied, 474 U.S. 1111 (1986).

**RESPECTFULLY SUBMITTED** this 6th day of October, 2009 in Miami, Florida.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:

Honorable James Lawrence King
All counsel of record

U.S. v. Sylvin, et al
09-20264-CR-King(s)

Daniels

Bythol

Sylvin

Thompson

Louis

Victor, Sterlin, Taylor

Othello

fugitive

Pled Guilty

Anticipated Guilty Plea

ATTACHMENT "A"